

Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
212 905 0509  T
212 905 0508  F
www.gardylaw.com
www.nyc-employmentlawyer.com

**Gardy & Notis, LLP**
Attorneys at Law

April 4, 2016

<u>VIA ECF</u>

The Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Gisinger v. Patriarch Partners, et al.*, No. 1:16-cv-01564-ER
              *Garcia v. Patriarch Partners, et al.*, No. 1:16-cv-01596-ER

Dear Judge Ramos:

    In accordance with Your Honor's Individual Rules of Practice, Rule 2(A)(ii) and the Court's March 9, 2016 Order denying the previous request of plaintiffs Jessica Gisinger and Dalibel Garcia ("Plaintiffs") for a pre-motion conference until defendants appear, Plaintiffs respectfully renew their request for a pre-motion conference relating to their anticipated motion to consolidate the *Gisinger* action (No. 1:16-cv-01564) and the *Garcia* action (No. 1:16-cv-01596) for all purposes pursuant to Fed. R. Civ. P. 42(a), and for the appointment of Plaintiffs' counsel as Interim Co-Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3).  Defendants Patriarch Partners and Lynn Tilton ("Defendants") have been served and appeared in both actions (Gisinger Docket Nos. 7-9; Garcia Docket Nos. 7, 8).

    Plaintiffs are former employees of TransCare Corporation ("TransCare"), a private ambulance and paratransit company based in Brooklyn, New York. (¶9.)[1]  TransCare operated in New York City, New York's Hudson Valley region, Pennsylvania, Delaware, Maryland, New Jersey, Virginia, and Washington, D.C.  (*Id.*)

    TransCare was owned by Defendant Patriarch Partners, LLC. (¶2.) In managing TransCare for Patriarch, Patriarch's founder and CEO, Lynn Tilton, served as TransCare's single-member board of directors. (¶20.)  Indeed, Tilton looms large in TransCare, with TransCare's website featuring a biography of Tilton that is substantially similar to the one found on

---

[1]  Unless otherwise noted, all citations to "¶" refer to the complaint filed in the *Gisinger* action.

Hon. Edgardo Ramos
April 4, 2016
Page 2

Patriarch's website. (*Id.*) Patriarch also frequently provided funding for TransCare in order to continue TransCare's operations. (¶21.) As the sole owner, or owner of a vast majority of its outstanding shares, Patriarch had the ability to exert control over TransCare and its employees. (¶22.) To that end, Patriarch and Patriarch's executives, including Tilton, received regular, confidential, insider reports and executive minutes concerning TransCare's financial health, and based their decision to shut down TransCare on those reports and executive minutes. (¶24.)

On February 24, 2016, TransCare filed a petition for protection under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York. (¶17.) Following TransCare's bankruptcy filing, up to 2,700 of TransCare's employees were laid off over two days. (*Id.*) TransCare's employees did not receive the notice of their termination required under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("WARN Act"), or the New York WARN Act, New York Labor Law § 860, *et seq*. (¶¶34, 43.)

Following the termination, Plaintiff Gisinger filed her complaint on February 29, 2016. (Dkt. No. 1). Plaintiff Garcia filed her complaint in this Court on March 2, 2016, as a related action. (*Garcia* Dkt. No. 1). As of this date, Plaintiffs are aware of two adversarial proceedings in Bankruptcy Court, Nos. 16-01033-SMB and 16-01048-SMB, against Patriarch and several related entities, but are not aware of any complaints filed in this District other than those filed by Plaintiffs. Counsel for Plaintiff *Garcia* has filed an action in the Eastern District of New York and, pursuant to an agreement with Defendants, is in the process of requesting a transfer of that action to this District. *Eisenstadt v. Patriarch Partners, LLC, et al.,* 16-cv-1009 (E.D.N.Y.).

Plaintiffs' complaints seek restitution from Patriarch on behalf of TransCare's employees terminated in violation of the WARN Act and the New York WARN Act, and allege that Patriarch and its executives were centrally involved in deciding to implement the mass layoff of TransCare's employees.

### *The Actions Should Be Consolidated*

Actions before the same district court are appropriately consolidated if they involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). Specifically, actions that are predicated on substantially similar facts, and will be decided based on the same set of questions, are appropriately consolidated. *Mezansky v. Flextronics Intern.*, Ltd., 2002 WL 31115193, at *2-3 (S.D.N.Y. Sept. 24, 2002). Where complaints in different actions are substantially similar, the actions are appropriately consolidated even if the defendants named, the definition of the class period, and the claims asserted are not completely coextensive. *Pinkowitz v. Elan Corp., PLC,* 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002).

**Gardy & Notis, LLP**

Hon. Edgardo Ramos
April 4, 2016
Page 3

The *Gisinger* and *Garcia* actions meet the requirements for consolidation. Both actions assert claims on behalf of TransCare employees whose employment was terminated without cause. The actions assert the termination violated the WARN Act and NY WARN Act because Patriarch and TransCare failed to provide TransCare's terminated employees with the notice required by the statutes. Further, each of the actions seeks to hold Patriarch accountable for the termination on essentially the same theory of liability: that Patriarch was an employer under the WARN Act and the NY WARN Act. The actions concern the same set of facts to answer substantially the same set of questions, to wit: (1) whether Patriarch was an employer under the WARN Act and the NY WARN Act; (2) whether Patriarch was required to give notice of the Termination in accordance with the WARN Act and the NY WARN Act; (3) whether Patriarch complied with the WARN Act's and NY WARN Act's notice requirements; and (4) whether Patriarch is liable to the terminated employees. *See Mezansky*, 2002 WL 31115193, at *2-3. Any minor differences between the complaints are not obstacles to consolidation, and accordingly the actions should be consolidated for all purposes in accordance with Rule 42(a). *See Pinkowitz*, 2002 WL 1822118, at *3.

***Plaintiffs' Counsel Should Be Appointed Interim Co-Class Counsel***

Pursuant to Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In appointing class counsel, the court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A). Plaintiffs' counsel are experienced in class actions, having recovered tens of millions of dollars on behalf of class plaintiffs in varying contexts. In investigating the claims asserted in the actions, Plaintiffs' counsel communicated with dozens of terminated employees, including individuals working at the executive level with personal knowledge of Patriarch's actions, and researched the factual background underlying Plaintiffs' claims. Further, Plaintiffs' counsel are well-versed in the applicable law and are appropriate to represent the proposed classes. Finally, Plaintiffs' counsel are prepared to dedicate significant resources, as they do in all of the cases they undertake on behalf of their clients, to prosecute the claims asserted in the actions zealously to recover wages and benefits on behalf of TransCare's former employees.

Accordingly, Plaintiffs respectfully request a pre-motion conference to address their intended joint motion to consolidate the actions and appoint their respective counsel as interim co-class counsel in the consolidated action.

**Gardy & Notis, LLP**

Hon. Edgardo Ramos
April 4, 2016
Page 4

        Respectfully submitted,

        **GARDY & NOTIS, LLP**

        By:    s/ Orin Kurtz
              Orin Kurtz

        **LEVI & KORSINSKY LLP**

        By:    s/ Christopher J. Kupka
             Christopher J. Kupka

cc:   Kathleen M. McKenna, Esq. (via ECF)