Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

August 26, 2016

VIA ECF

Hon. Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Kathleen M. McKenna
Member of the Firm
d 212.969.3130
f 212.969.2900
kmckenna@proskauer.com
www.proskauer.com

Re:   *Gisinger v. Patriarch Partners, LLC and Lynn Tilton*, No. 1:16-cv-01564-ER
      *Garcia v. Patriarch Partners, LLC and XYZ Entities 1-10*, No. 1:16-cv-01596-ER
      *Eisenstadt v. Patriarch Partners, LLC, et al.*, No. 1:16-cv-02831-ER.

Dear Judge Ramos:

We represent Defendants Patriarch Partners, LLC and Lynn Tilton (together, "Defendants") in the above-referenced related cases.[1] We write regarding two subpoenas that Plaintiffs served on third parties Carl Marks & Co, Inc. ("Carl Marks") on July 18, 2016 (copy attached hereto as "Exhibit A") and Wells Fargo Bank, N.A ("Wells Fargo") on August 1, 2016 (copy attached hereto as "Exhibit B"). As the Court knows, Defendants' motion to enforce this Court's Standing Order of Reference Re: Title 11 (M10-468) ("Standing Order") and refer these related cases to the Bankruptcy Court for the Southern District of New York has been fully briefed and is currently pending.

On July 25, 2016, Your Honor so-ordered a discovery plan (*Gisinger* ECF No. 46) that deferred all discovery deadlines until after the Court has adjudicated Defendants' motion to refer these actions to the Bankruptcy Court, with the limited exception of initial disclosures under FRCP 26(a)(1) (the "July 25 Order").

By issuing third-party subpoenas to Carl Marks and Wells Fargo, Plaintiffs essentially seek to engage in robust discovery notwithstanding the letter and spirit of the Court's July 25 Order (which intentionally delayed all discovery save for initial disclosures until Defendants' referral motion has been adjudicated). The point of the Court's July 25 Order is apparent—if the Court refers these actions to the Bankruptcy Court, the time, expense, and resources involved in conducting discovery in Your Honor's Court would be moot and duplicative of the discovery to be had in the Bankruptcy Court.[2]

---

[1] Ms. Tilton is only a defendant in the *Gisinger* case.

[2] Indeed, earlier this year, the Bankruptcy Court (Bernstein, J.) appointed interim class counsel to represent the same class group of former TransCare employees seek to represent here.

**Proskauer»**

Hon. Edgardo Ramos
August 26, 2016
Page 2


In addition, the subpoenas issued by Plaintiffs to Carl Marks and Wells Fargo are likely to implicate an attorney-client privilege held by Transcare Corporation ("TransCare"), the debtor in the related Bankruptcy Court proceedings (*In re Transcare Corp.*, No. 16-10407 (Bankr. S.D.N.Y.).) The right to invoke and waive that privilege on behalf of TransCare—a corporate debtor—is held by the Trustee that was appointed by the Bankruptcy Court earlier this year. *See, e.g., Commodity Futures Trading Com'n v. Weintraub,* 471 US. 343, 355, n.7 (1986). Including because Plaintiff elected not to name TransCare in the proceedings before Your Honor (notwithstanding that TransCare was the employer of the Plaintiffs and the putative class members they seek to represent), the Bankruptcy Court is in the best position to resolve any privilege issues that may arise in connection with documents and information Carl Marks and/or Wells Fargo have been requested to produce in response to the subpoenas.

For these reasons, and in the spirit of the July 25 Order, we respectfully request that the Court direct Plaintiffs to withdraw the third party subpoenas to Carl Marks and Wells Fargo until such time as the Court issues a decision on Defendants' motion to refer these actions to the Bankruptcy Court. As with party discovery, any such third-party discovery will be moot and duplicative of discovery in the Bankruptcy Court in the event Your Honor grants Defendants' referral motion.

We are available at the Court's convenience to appear and present additional argument on this matter.

Respectfully submitted,

PROSKAUER ROSE LLP

By: */s/ Kathleen M. McKenna*
    Kathleen M. McKenna


Cc:    Allan S. Bloom, Esq.
        Andrew E. Rice, Esq.
        Nayirie Kuyumjian, Esq.
        Eduard Korsinsky, Esq., Levi & Korsinsky LLP (via e-mail)
        Orin Kurtz, Esq., Gardy & Notis, LLP (via e-mail)